# CHARLESTON.

Mittie Minor McElhinny v. John F. Minor, Admr. Etc. *et al.*

Submitted September 26, 1922.   Decided October 3, 1922.

1. Appeal and Error—*Appellant Cannot Complain of Errors Brought About by His Motion.*

An appellant cannot complain of errors or irregularities of the lower court which were brought about by his own motion, and which he alone caused.   (p. 760.)

2. **EXECUTORS AND ADMINISTRATORS**—*One May Sue on Quantum Meruit for Services, Where Agreement to Devise Land Therefor Unfulfilled.*

If one renders services under a verbal contract with the owner of land and personal property that he will maintain, support and care for the latter during his natural life, the latter agreeing to give all his estate to the former in payment of such services, but fails to execute a will or other formal conveyance in accordance with the contract before his death; failure on the part of the former to sue the heirs of the estate for specific performance does not preclude him from asserting his claim for services upon a *quantum meruit* in a suit for settlement of the decedent's estate. (p. 760.)

3. **SAME**—*Administrator Cannot Avoid Accounting for Estate Property Because Intrusted to Agent and Not Returned.*

In the settlement of an administrator's account he should be charged with all of the moneys and property which came into his hands, and he cannot relieve himself from accounting therefor by showing that a portion of the moneys which came into his hands was entrusted to an agent or attorney to be deposited in bank to his credit as administrator but was never deposited nor returned. (p. 762.)

4. **SAME**—*Personal Property Should be Exhausted in Paying Estate Debts Before Real Estate Subjected.*

All of the personal estate of a decedent should be exhausted in payment of his debts before his real estate can be subjected thereto. (p. 762.)

Appeal from Circuit Court, Hancock County.

Suit by Mittie Minor McElhinny against John F. Minor, administrator of the estate of Sarah A. Minor, deceased, and others. From a decree for defendants, plaintiff appeals.

*Modified and affirmed.*

*J. A. McKenzie,* for appellant.

*E. A. Hart,* for appellees.

LIVELY, JUDGE:

The decree of February 23, 1921, appealed from, renders judgment in favor of Jay Minor, administrator of Sarah A. Minor's estate, against the estate of James Beatty Minor, for $860.00; and a judgment in favor of Jay Minor, adminis-

trator of the estate of John F. Minor, against the estate of James Beatty Minor for $815.25; and directs payment thereof out of certain funds belonging to the estate of James Beatty Minor then in the hands of the court.

In the year 1912 James Beatty Minor, being advanced in years and in declining health, after several efforts, procured John F. Minor and Sarah A. Minor, his wife, to come to West Virginia and live on a farm of 130 acres belonging to him and situate in Hancock county, under a verbal contract that in consideration for his support and maintenance by them for the remainder of his life he would give to John F. Minor the farm and to his wife, Sarah, all his money and personal effects. In pursuance of this contract, which is established by competent evidence, they, with their children, moved onto the farm, took complete charge of it, raised crops and maintained and supported James Beatty Minor until his death, which occurred in 1915, about three years later, faithfully performing their agreement. It appears that in the latter part of the old gentleman's life he became bedfast, being sorely afflicted with some nauseous kidney trouble, and in consequence was a considerable burden and care, especially to Sarah, the housewife. She attended him in this illness with becoming solicitude and fidelity. One of the witnesses who observed his condition during his last illness, testified that he would not have performed the services rendered by Sarah for $100.00 a week.

No will or other paper writing was executed by the deceased in his life time by which the title to his farm and personal estate was transferred in accordance with the contract. A short time after his death, John F. Minor qualified as his administrator and took into possession, as such, moneys in bank amounting to $1,600.00. It does not appear that there was any other personal estate. Out of the moneys received he paid the funeral expenses, medical bills and some other small accounts amounting to $168.00. Being ignorant of the laws pertaining to the administration of estates, he employed counsel and acted entirely under his advice. It appears that out of the moneys he had received he sent the

sum of $800.00 by the hands of his counsel to be deposited in the Wellsburg National Bank to his credit as such administrator. The remaining portion of the $1,600.00 he evidently used. In May, 1915, the plaintiff, Mittie Minor McElhinny, an heir at law of James Beatty Minor, instituted suit for partition of the farm of 130 acres, and the various other heirs, including John F. Minor, were made defendants. No appearance was made by John F. Minor in the partition suit. It appears that he had advised his counsel of the pendency of the suit, and had been informed that his interests would be taken care of and that he would finally receive the land. No defense to the partition suit was made by any of the heirs, and the court, upon proper evidence, finding that the land was not susceptible of partition among so many, directed a sale thereof, and the land was, a short time afterwards, sold at auction for $2,000.00. The sale was confirmed and a deed made to the purchasers, but no distribution of the proceeds of the sale was decreed.

In March, 1917, Mittie Minor McElhinny instituted suit against John F. Minor, administrator of James Beatty Minor, for a settlement of his administration accounts, alleging that he had received large sums of money and other personal property and had made no settlement or distribution thereof; also alleging that a suit at law had been instituted by Sarah A. Minor against John F. Minor, administrator, for $2,500.00 for srvices rendered by her to his intestate; that the estate of James Beatty Minor did not owe her any sum and that the suit at law was collusive, it being the intention of John F. Minor, her husband, to make no defense thereto and thus prejudice the rights of the heirs, and prayed for an injunction against the parties to the suit at law, prohibiting them from further proceeding therein; and also prayed that the cause be referred to a commissioner in chancery to settle the administration accounts of the administrator. John F. Minor and Sarah demurred to the bill, which was overruled and they were given until September, 1917, rules, to answer the bill. The plaintiff then moved the court to refer the cause to a commissioner for the purpose of ascertaining the

personal property which went into the hands of the adminis-
trator and for a settlement of his accounts and also to ascer-
tian "what amount, if any, was due to Sarah A. Minor from
the estate of James Beatty Minor, deceased," and to report
such other matters as the commissioner might deem perti-
nent.    Before this decree of reference was executed, John
F. Minor and Sarah A. Minor died, and the defendant, Jay
Minor, qualified as administrator of each of their estates, and
the sheriff of the county was appointed administrator d. b.
n. of James Beatty Minor's estate.    Both the sheriff as ad-
ministrator d. b. n. and Jay Minor as administrator of John
F. and Sarah Minor's estates, filed answers.    The latter
answers set up the contract for support and maintenance
hereinbefore referred to; the apparent reason why no appear-
ance was made in the partition suit; the purpose of the suit
at law for Sarah's services instituted upon advice of counsel,
denying collusion therein; and setting out in detail the serv-
ices which had been performed by his decedents rendered
during the life of James Beatty Minor, in pursuance of the
contract; setting up the amount of money which came into
the hands of John F. Minor, administrator, the disposition
thereof, and asking for a recovery for the services performed.

The commissioner made a report which was recommitted
and evidence was taken.    The commissioner reported that
the services rendered by John F. Minor to James Beatty
Minor for about three years amounted to $1,516.00; from
this amount the sum of $150.00 for rent of the farm during
that period was deducted.    He found that the services of
Sarah A. Minor rendered to James Beatty Minor amounted
to $860.00.    He reported and the court found that $1,600.00
had come into the hands of John F. Minor as administrator,
from which should be subtracted the funeral expenses and
other bills paid amounting to $168.25, and allowed commis-
sions of $80.00, amounting in all to $248.25, which left a bal-
ance unaccounted for of $551.75, not charging him with the
$800.00 sent to the bank.    This amount was subtracted from
the $1,366.00 which remained of the $1,600.00 after subtract-
ing the funeral expenses and commissions, leaving the sum

of $814.25, for which judgment was rendered. He was not charged with the $800.00 which went' into his hands, and which he sent by his attorney for deposit in the Bank of Wellsburg. Judgment was also rendered in favor of Sarah A. Minor for $860.00 as reported by the commissioner.

The two suits had been consolidated, and these recoveries were directed to be paid out of the money in the hands of the court realized from the sale of the land in the partition suit, after the costs of both suits had been paid.

From this decree the plaintiff appealed, alleging as errors: (1) that the court erred in entering the decree of reference, bcause there was no proper pleading on which to base it; (2) that John F. and Sarah Minor had, by their conduct, waived their right to a specific performance of the contract, and therefore could not claim for their services; and (3) that it was error for the court to direct a distribution of the proceeds of the sale of the real estate without having first ascertained the amount of personal property which went into the hands of John F. Minor as administrator, and applied that amount to pay the indebtedness before decreeing payment thereof out of the proceeds of the sale of the real estate.

On the first point raised it is only necessary to say that the first decree of reference, which directed the commissioner to report among other things what amount, if anything, was due to Sarah A. Minor from the estate of James Beatty Minor, deceased, was had upon the motion of the plaintiff. If it was error on that state of the pleadings, it was induced by the plaintiff, and she cannot now complain. Before this decree of reference was executed John F. and Sarah A. Minor had died, the cause was revived against their personal representative, and by answer their claims for services were set out in detail, and it was proper for the court to ascertain through its commissioner the justness of these claims in order that a settlement of the administration affairs would be properly reached. We do not think the first point is well taken.

On the second point raised it is quite true that John F. and Sarah A. Minor might have had, by proper proceedings,

specific execution of their contract, and obtained title to the land and to the personal property. A court proceeding would have been necessary at considerable expense. Their matters were placed in the hands of counsel who did not seem to think it prudent or necessary to take this step, or possibly advised against it. At any rate it was not done. What reason induced them to refrain from asserting their contract and claiming both land and personal estate before or when the partition suit was instituted, does not appear. Often it is difficult to compel specific performance in cases of this character, and especially where one of the contracting parties is dead. The contract was verbal although well established by competent testimony, and the statute of frauds would prevent its fruition unless there was actual open possession or permanent or valuable improvements made; or these two combined. Where the services are of exceptional character and not measured by the ordinary standards some of the courts have held that, combined with possession, oral agreements to convey land may be specifically enforced. Browne Statute of Frauds, sec. 463, note; *Bryson* v. *McShane*, 48 W. Va. 126; *Blagg* v. *Van Sickle*, 90 W. Va. 351, 110 S. E. 816. And in *Van Duyne* v. *Vreeland*, 1 Beas. (N. J.) 142, it was held that if the result of the labor and services under the agreement has been such as to change the whole course of the life or life work on the faith of the contract to devise or convey, the case is one which is within the same rule as to part performance, as where possession of the land has been taken and valuable improvements made. Pom. Spec. Perf. 161, Sec. 114. But the question of the right of the Minors to specific performance is not involved here. We are only suggesting some of the difficulties connected with a suit of that character which may have deterred them from making the effort to have it specifically performed. But why should they be compelled to resort to a suit for specific performance under penalty of losing the value of their services? It was the failure of James Beatty Minor to convey the land and personalty to them, that breached his contract. The breach on his part would not

91 W. Va.

necessarily limit their remedy to specific performance, and by not invoking that remedy, they did not necessarily waive their claim for services on a *quantum meruit*. It is fairly well established, where services have been performed, or money paid, in consideration of property to be conveyed, if the contract is not enforceable because of the statute of frauds, the action may not be on the contract, but where services have been performed, on a *quantum meruit* to recover the value of the services. *Ham* v. *Goodrich*, 37 N. H. 185; *Leslie* v. *Smith*, 32 Mich. 64; 3 Sutherland on Damages (14th ed.) sec. 614, and cases cited; *Ellis* v. *Cary*, 74 Wis. 176, 17 Am. St. Rept. 125; *Grant* v. *Grant*, 63 Conn. 530; Reed on Statute Frauds Vol. 2, Sec. 622. That the services were performed and well worth the sums found by the commissioner and the court upon the evidence is not controverted. In fact, the commissioner reported that he had allowed them the minimum amount to which they were entitled under the evidence. The land sold for $2,000.00, and the personal estate amounted to $1,600.00, in all $3,600.00, and to this sum they would have been entitled if specific performance had been decreed. They have waived this larger amount, and now seek to recover on *quantum meruit* for a much smaller sum, to-wit, $2,226.00, which is to the benefit of the plaintiff and her co-heirs of James Beatty Minor in the sum of $1,374.00.

The third assignment of error is well taken. The personal estate of the decedent must be first ascertained and exhausted before the real estate can be proceeded against. It was stipulated before the commissioner that $1,600.00 in money went into the hands of John F. Minor, administrator. The record does not disclose that he received any other personal property. The plaintiff did not attempt to show that James Beatty Minor, at the time of his death, had any personal property except the $1,600.00. By this decree he is required to account for $800.00 of this sum only. He is not charged with the $800.00 which was turned over to counsel to be deposited in the bank to his credit, and which, it appears, was never deposited. He cannot escape liability in this manner.

The acts of his agent were his acts. If his agent lost or misappropriated the money, he cannot be relieved. It is clear that the decree is erroneous in this particular, and should be corrected to that extent. John F. Minor, administrator, should he charged with the $1,600.00, out of which the two recoveries should be paid before the money in the hands of the court derived from the sale of the real estate is subjected thereto. The decree will be corrected as indicated; in all other respects it is affirmed; and the cause remanded.

*Modified and affirmed.*