LILLIAN HILL

*v.*

GEORGE R. CLARKE, *et al.*

(No. 13796)

Decided February 28, 1978.

*Phillips, Holden, Marshall & Gardill, George S. Hazlett* for appellant.

*O'Brien & Cassidy, Frank A. O'Brien, Jr.,* for appellees.

HARSHBARGER, JUSTICE:

Defendant Griffith performed a bunionectomy on Lillian Hill, a dishwasher in a Wheeling restaurant, on April 3, 1968. More than a year later she experienced sharp pains in the foot, which continued, prompting her to seek medical help at Wheeling Hospital emergency room in April, 1970. According to her testimony she was there given a few pills.

She continued working in spite of the painful foot; and in January, 1972 she had it examined by one Dr. Maury. He x-rayed it and discovered a foreign object imbedded near her heel, and unsuccessfully tried to remove it.

In March, 1972 she was examined by a Dr. Buffington, who advised her the foreign object was not causing her pain but who could not attribute the distress to anything else; and a Dr. Barrett, who gave her the same advice.

Finally, she found a physician in New Philadelphia, Ohio, who removed the object, described to be a "needle" or "probe".

She brought her malpractice suit July 9, 1973, and the trial court dismissed the complaint, finding that because plaintiff was in pain she should have known, by the exercise of due diligence, more than two years before the suit was brought of defendant's negligence; and therefore her action was barred by the statute of limitations, *W.Va. Code*, 55-2-12.

The facts in this case are rather analogous to those in *Morgan v. Grace Hospital, Inc.*, 149 W. Va. 783, 144 S.E.2d 156 (1965), where our rule was established that the statute begins to run upon discovery of the negligence or at the time it should have been discovered with reasonable diligence.

Mrs. Morgan "suffered severe pain" from the sponge in her abdomen for ten years, yet this Court properly did not find that the statute of limitations was triggered because of any failure by her to exercise due diligence to find what caused the pain.

In this case, Mrs. Hill endured the pain only about two and one half years before discovering the foreign body in her foot. In *Morgan* we emphasized the subsequent diagnostic discovery of the foreign object rather than the length of the duration of the pain suffered. We said in *Morgan:*

> It simply places an undue strain upon common sense, reality, logic and simple justice to say that a cause of action had "accrued" to the plaintiff until the X-ray examination disclosed a foreign object within her abdomen and until she had rea-

sonable basis for believing or reasonable means of ascertaining that the foreign object was within her abdomen as a consequence of the negligent performance of the hysterectomy.

144 S.E.2d at 161.

In *Hall v. Musgrave*, 517 F.2d 1163 (6th Cir.1975), the court, interpreting Kentucky law, found that when the patient knew the medical cause of her discomfort, a punctured uretha, her cause of action accrued even though she did not know that it was a result of negligence. This is a somewhat unusual analysis of the "discovery rule". In a very persuasive dissent, Judge Celebrezze correctly cited *Morgan* as failing under the following proposition:

The remaining "discovery" jurisdictions start the running of their statutes of limitation upon the discovery of foreign objects left in plaintiffs' bodies, not upon earlier feelings of pain in the affected areas. 517 F.2d at 1172.

*See also*, Annot., *Malpractice-Commencement of Limitations*, 70 A.L.R.3d § 5 (1976).

The issue of plaintiff's knowledge or constructive knowledge of defendant's negligence is for the jury to determine. This Court held in *Hundley v. Martinez*, 151 W. Va. 977, 158 S.E.2d 159 (1967), syllabus point three, "In a medical malpractice case it is for the jury to determine from the evidence whether or not the physician fraudulently concealed from the plaintiff patient the condition of which he complains and, if so, *whether the plaintiff learned of the same or by the exercise of reasonable diligence should have learned of it more than two years prior to the institution of the action.*" (Emphasis supplied.) The statute of limitations principle emphasized above applies to all factual questions under the "discovery rule" and not solely to cases where fraudulent concealment is at issue. Plaintiff's cause of action accrues when plaintiff knows or in the exercise of reasonable diligence has reason to know of the alleged malpractice, the question being one of fact. *See Ruth v.*

*Dight,* 75 Wash. 2d 660, 453 P.2d 631 (1969); *Christiansen v. Rees,* 20 Utah 2d 199, 436 P.2d 435 (1968). But pain, suffering and manifestation of the harmful effects of medical malpractice do not, by themselves, commence running of the statute of limitation.

*Reversed and remanded.*