MICHAEL L. FLOYD, *et al.*

*v.*

THE EQUITABLE LIFE ASSURANCE SOCIETY

OF THE UNITED STATES

(No. 14580)

Decided April 4, 1980.

*J. Scott Tharp* for appellants.

*Stephen R. Brooks, Furbee, Amos, Webb & Critchfield,* for appellee.

PER CURIAM:

In this appeal the plaintiffs-below challenge the trial court's dismissal of their complaint on a motion for summary judgment made by the defendant-below and appellee in this Court, The Equitable Life Assurance Society of the United States. The appellants contend that because the Circuit Court of Marion County committed an error of law, its order granting summary judgment and dismissing the complaint with prejudice should be reversed. We conclude the trial court erred in granting the defendant's motion for summary judgment.

The appellants are all children of William Floyd, deceased, and Elsie Floyd. William Floyd was the insured under a life insurance policy issued by appellee. Elsie Floyd was named as the beneficiary in that policy. On March 14, 1975, William Floyd died as a result of stab wounds inflicted on him by Elsie Floyd. Elsie Floyd waived her rights as beneficiary under the policy, and was succeeded in that position by her children, the appellants herein. The appellee paid to the appellants $10,000.00, the face amount of the policy, but declined to pay under the "double indemnity" or accidental death provision of the policy. In the event the insured's death was accidental this provision obligated the appellee to pay $10,000.00 in addition to the face amount of $10,000.00. The appellants filed a complaint in the Circuit Court of Marion County asking for judgment in the amount of the accidental death benefit plus interest and costs.

Both parties moved the court to grant a summary judgment. After considering the pleadings, the deposition of Elsie Floyd, and the defendant's answers to interrogatories, the circuit court entered an order granting the defendant's motion for summary judgment, denying the plaintiffs' motion, and dismissing the plaintiffs' complaint with prejudice.

In ruling on a motion for summary judgment, it is the duty of the trial court to determine whether there is a "genuine issue as to any material fact" and whether the "moving party is entitled to a judgment as a matter of law." Rule 56(c) W.Va. R.C.P. The question before this Court is whether the trial court was correct in making these determinations.

The trial court's conclusion that there was no genuine issue as to a material fact was in error. While the material facts are not in dispute, it is clear that those facts are such that reasonable men may draw different inferences from them. A motion for summary judgment must be denied if varying inferences may be drawn from evidence accepted as true. *Aetna Casualty and Surety Com-*

*pany v. Federal Insurance Company of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). The record before the trial court presented an issue of fact which the trial court was not free to decide. The question of whether under the facts and circumstances as the insured perceived them at the time, death was foreseeable and not accidental was a question of fact for the jury to decide based upon the differing inferences that could be legitimately drawn from the undisputed facts. *Gem State Mutual Life Association v. Gray*, 77 Ida. 157, 290 P.2d 217 (1955); *Riggins v. Equitable Life Assurance Society*, 64 Ga.App. 834, 14 S.E.2d 182 (1941); *Missouri State Life Ins. Co. v. Roper*, 44 F.2d 897 (5th Cir. 1930).

Having determined there was no factual issue, the trial court then concluded the appellee was entitled to judgment because the insured's death was not accidental as a matter of law. The trial court's opinion indicates it was guided by the case of *Walker v. Metropolitan Life Insurance Co.*, 272 F.Supp. 217 (D.C. W.Va. 1974). As *Walker* correctly states, the West Virginia Supreme Court of Appeals has adopted the rule recognized in *Landress v. Phoenix Mutual Insurance Co.*, 291 U.S. 491, 54 S.Ct. 461, 78 L.Ed. 934 (1934). That rule makes a clear distinction between accidental means and accidental result, and these determinations must be made on the basis of foreseeability of the natural consequences viewed from the demeanor of the deceased. The test is whether there is probable cause for the deceased to have apprehended his death. This view is in accord with generally accepted definitions of an accident as an event that takes place without one's foresight or expectation; an event which, under the circumstances, is unusual and not expected by the person to whom it happens. *Sizemore v. National Casualty Co.*, 108 W.Va. 550, 151 S.E. 841 (1930).

The evidence is uncontroverted that for most of the thirty-one years of his marriage to Elsie Floyd, William Floyd regularly became intoxicated and committed physical assaults upon her. William Floyd was a 240 pound ex-Marine, and there is absolutely no evidence that at

any time during these thirty-one years of assaults, Elsie Floyd, who weighed only 80 pounds, ever defended herself by any means, much less by the use of deadly force. She was always the passive victim. On the night of March 14, 1975, she was on crutches recouperating from a broken leg.

Although West Virginia cases have not dealt with this precise issue, in cases such as this courts will look to the couple's marital history to determine whether the insured could have foreseen the death. *Annot.*, 49 A.L.R.3d 673 § 4 (1973); *Annot.*, 26 A.L.R.2d 309 § 5 (1952). When an examination of the couple's marital relations reveals violent disputes in which one spouse repeatedly assaults another without any physical resistance or reprisal, courts have held that the insured assailant's death was accidental, since, based on past conduct death was not reasonably foreseeable. *Estate of Wade v. Continental Insurance Co.*, 514 F.2d 304 (8th Cir. 1975); *Maneval v. Lutheran Brotherhood*, 281 A.2d 502 (Del. 1971); *Aetna Life Insurance Co. v. Beasley*, 272 Ala. 153, 130 So.2d 178 (1961); *Wylie v. Union Casualty and Life Insurance Co.*, 15 Ill.App.2d 448, 146 N.E.2d 377 (1957); *Shields v. Prudential Insurance Co.*, 6 N.J. 517, 79 A.2d 297 (1951).

Appellee's major argument that the deceased could have anticipated his death rests on testimony by Elsie Floyd during the taking of her deposition. She related that she fled into the kitchen and seized a knife. She stabbed her husband once, and he said, "You can't hurt me. Stab me again." She then stabbed him once more. Mrs. Floyd confirmed the foregoing statement by her husband and added "Evidently I didn't hurt him the first time." In view of the history of William Floyd's substantial physical abuse of Mrs. Floyd for which she never retaliated, we do not believe that William Floyd's statement at the time of the stabbing compels the conclusion that, as a matter of law, the deceased could have reasonably foreseen his conduct would result in his death. The issue was one for jury determination, and the appellee was not entitled to a summary judgment.

For the foregoing reasons we reverse the final judgment which granted summary judgment in defendant's favor, and we remand the case for further proceedings consistent with the view that the issue of the foreseeability of William Floyd's death is a jury question.

*Reversed and remanded.*