546 S.E.2d 263

**Patrick RUNDLE and Sandra Rundle, Husband and Wife, Plaintiffs Below, Appellants,**

v.

**Cynthia P. KEANE, Karen L. Potesta, C & K Associates, and the City of Morgantown, Defendants Below, Appellees.**

No. 26193.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 6, 1999.

Decided Dec. 3, 1999.

Andrew G. Fusco, William J. Leon, Jeffrey A. Ray, The Fusco Legal Group, Morgantown, West Virginia, Attorneys for Appellants.

Rodney L. Bean, Beth A. Raffle, Steptoe & Johnson, Morgantown, West Virginia, Attorneys for Appellee.

PER CURIAM:

This is an appeal by Patrick and Sandra Rundle, appellants/plaintiffs, (hereinafter referred to as "the Rundles"), from an adverse jury verdict rendered in the Circuit Court of Monongalia County. The Rundles brought this action against the City of Morgantown, appellee/defendant, (hereinafter referred to as "Morgantown"), to recover for damage to their property caused by water runoff.[1] The jury returned a verdict in favor of Morgantown. The Rundles have assigned error (1) to a jury instruction given by the trial judge, and (2) to a ruling by the trial judge that the Rundles could only recover for the two year period prior to the filing of the lawsuit. Having reviewed the record and considered the arguments, we affirm.

### I.

### FACTUAL AND PROCEDURAL HISTORY

In 1975 the Rundles purchased a building located on the corner of Chestnut Street and Forest Avenue in Morgantown. The Rundles discovered cracks in the left corner of the building in July of 1993. At the time of the discovery, the Rundles obtained the services of a structural engineer, Robert Sheets, to inspect the cracks. In September of 1983, Mr. Sheets advised the Rundles that surface water runoff was the source of the cracks.[2] The Rundles contended at trial that they did not know the true extent of the structural

---

1. The Rundles also sued C & K Associates, Cynthia Keane and Karen Potesta. The Rundles settled with those defendants on the first day of trial.

2. The Rundles indicate that Mr. Sheets tendered a report of his inspection in November of 1993. The Rundles cited to pages in the trial transcript

where testimony as to this date was given. However, no such testimony was found on the pages cited. The trial transcript did reveal, however, testimony that the Rundles were informed in September of 1993 that surface water runoff was the source of the cracks.

damage to their building until July of 1994, when they removed walls for remodeling purposes.

On October 20, 1995, the Rundles instituted the present action against Morgantown. The action was premised on the fact that Morgantown repaved the area around the Rundles' building in 1983. The Rundles contend the repaving caused surface water run-off to flow onto their building. The case was tried before a jury in August of 1998. The jury returned a verdict for Morgantown, after finding the Rundles did not file their action within the applicable statute of limitations period.

## II.

### STANDARD OF REVIEW

■ This case requires the Court to review a jury instruction provided by the trial court. We have articulated our standard of review of jury instructions as follows:

The formulation of jury instructions is within the broad discretion of a circuit court, and a circuit court's giving of an instruction is reviewed under an abuse of discretion standard. A verdict should not be disturbed based on the formulation of the language of the jury instructions so long as the instructions given as a whole are accurate and fair to both parties.

Syl. pt. 6, *Tennant v. Marion Health Care Foundation, Inc.*, 194 W.Va. 97, 459 S.E.2d 374 (1995). "Of course, our review of the legal propriety of the trial court's instructions is *de novo.*" *Skaggs v. Elk Run Coal Co., Inc.*, 198 W.Va. 51, 63, 479 S.E.2d 561, 573 (1996) (citation omitted). In syllabus point 4 of *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995) we observed:

A trial court's instructions to the jury must be a correct statement of the law and supported by the evidence. Jury instructions are reviewed by determining whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not misle[d] by the law. A jury instruction cannot be dissected on appeal; instead, the entire

instruction is looked at when determining its accuracy. A trial court, therefore, has broad discretion in formulating its charge to the jury, so long as the charge accurately reflects the law. Deference is given to a trial court's discretion concerning the specific wording of the instruction, and the precise extent and character of any specific instruction will be reviewed only for an abuse of discretion.

With this standard in mind, we turn to the issues in this case.

## III.

### DISCUSSION

■ The Rundles allege that the trial judge incorrectly instructed the jury on the applicable statute of limitations. The instruction given by the trial judge and complained of on appeal read as follows:

If you find that more than two years before they filed their Complaint in this case, the Plaintiffs discovered or should have discovered that they had suffered some damage, and that they know or should have known that the Defendant, City of Morgantown, caused that damage, then Plaintiffs' case against the Defendant is barred by the statute of limitations and you must find for the Defendant and against the Plaintiffs.

West Virginia law recognizes an exception to the two year period of limitations within which a Plaintiff must generally file a lawsuit in those cases where the cause of the injury is ongoing and where the injury persists or worsens over time.

The Rundles assert that this instruction "does not comport with the law of West Virginia[.]" In contrast, Morgantown asserts that this assignment of error is meritless for several reasons. First, Morgantown argues that the instruction was proffered to the trial court by the Rundles. Therefore, the Rundles cannot claim error on that issue. Second, Morgantown points out that the Rundles failed to object to the instruction at trial; therefore, they have waived any error in the instruction.[3] Third, Morgantown contends

---

**3.** "No party may assign as error the giving or the

refusal to give an instruction unless he objects

the instruction is a correct statement of the law. We agree with Morgantown on all three issues.

■ Initially, the Rundles concede that they proffered the instruction to the trial court. Assuming, without deciding, that the instruction was erroneous, our cases have made clear that a party cannot benefit from invited error. This Court has held that " '[a] judgment will not be reversed for any error in the record introduced by or invited by the party seeking reversal.' Syl. Pt. 21, *State v. Riley*, 151 W.Va. 364, 151 S.E.2d 308 (1966)." Syl. Pt. 4, *State v. Johnson*, 197 W.Va. 575, 476 S.E.2d 522 (1996). *See also*, Syl. Pt 1, *Maples v. West Virginia Department of Commerce*, 197 W.Va. 318, 475 S.E.2d 410 (1996) ("A litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal"); Syl. Pt. 1, *McElhinny v. Minor*, 91 W.Va. 755, 114 S.E. 147 (1922) ("An appellant cannot complain of errors or irregularities of the lower court, which were brought about by his own motion, and which he alone caused"); *Comer v. Ritter Lumber Co.*, 59 W.Va. 688, 689, 53 S.E. 906, 907 (1906) (the party inviting "the error . . . must accept its results").

■ In an effort to justify their proffered instruction, the Rundles contend that the instruction was necessary because of "the law of the case." That is, because the trial court ruled that the statute of limitations issue would go to the jury, the Rundles contend they were obligated to proffer the instruction. This argument is circuitous and illogical. The "law of the case" doctrine does not obligate a party to give an erroneous instruction.

The Rundles next assert that no instruction on the statute of limitations should have been given. Before this Court, the Rundles

argue that the statute of limitations issue was a question of law to be resolved by the trial judge. Therefore, any error in their proffered instruction would not have occurred, but for the trial court's erroneous decision to send the issue to the jury.

■ Morgantown correctly counters this argument on two grounds. First, Morgantown points out that at the trial level the Rundles specifically argued that the statute of limitations issue was for jury determination. In fact, the Rundles made such an argument before the trial court in order to defeat Morgantown's motion for summary judgment.[4] Second, Morgantown argues that the statute of limitations issue involved disputed facts and was therefore a proper matter for jury resolution.

■ Application of the statute of limitations is not a purely legal question when there is a dispute as to when the plaintiff knew or should have know of the injury. The rule in this State is that " '[t]he question of when plaintiff knows or in the exercise of reasonable diligence has reason to know of [an injury] is for the jury.' Syl. Pt. 4, *Hill v. Clarke*, 161 W.Va. 258, 241 S.E.2d 572 (1978)." Syl. Pt. 5, *Gaither v. City Hosp., Inc.*, 199 W.Va. 706, 487 S.E.2d 901 (1997). The record in this case indicates that there was, in fact, a dispute as to when the Rundles knew or should have known of the damage to their property and Morgantown's role in causing the damage. The jury resolved the issue against the Rundles. Since the Rundles only complain that the instruction should not have been given, we need not determine whether the evidence supported the jury's finding. Therefore, we find that because the Rundles proffered the instruction to the trial court they waived any error in the giving of the instruction.[5]

thereto before the arguments to the jury are begun, stating distinctly, as to any given instruction, the matter to which he objects and the grounds of his objection; but the court or any appellate court, may, in the interest of justice, notice plain error in the giving or refusal to give an instruction, whether or not it has been made subject to an objection." Syl. Pt. 1, *Shia v. Chvasta*, 180 W.Va. 510, 377 S.E.2d 644 (1988).

4. "When a party relies in trial court upon a specific ground for relief or in defense, he is bound thereby, and will ordinarily be refused relief in the appellate court on any position inconsistent therewith." Syl. Pt. 3, *Bush v. Ralphsnyder*, 100 W.Va. 464, 130 S.E. 807 (1925).

5. The Rundles' second assignment of error, to a ruling by the trial judge that they could only recover for the two year period prior to the filing of the lawsuit, is equally without merit. Morgan-

## IV.

### CONCLUSION

In view of the foregoing, the judgment of the trial court is affirmed.

Affirmed.

Justice McGRAW dissents.

Judge TOD J. KAUFMAN, sitting by temporary assignment.

Judge TOD J. KAUFMAN dissents and reserves the right to file a dissenting opinion.

Justice SCOTT did not participate.

town points out that the trial court made a preliminary ruling that the jury would be instructed that they could only award damages for the two year period prior to the commencement of the action. However, the trial court reconsidered the matter and did not so instruct. Therefore, the issue is moot.