584 S.E.2d 186

**Weyland D. LOGUE and Gianna Logue, Plaintiffs Below, Appellants**

v.

**Kenneth FLANAGAN and Roberta Flanagan, Defendants Below, Appellees**

No. 30741.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 11, 2003.

Decided June 17, 2003.

---

David H. Webb, Esq., Keyser, for Appellants.

Nelson M. Michael, Esq., Nelson M. Michael, L.C., Keyser, for Appellees.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Mineral County entered April 26, 2002. In that order, the circuit court granted summary judgment in favor of the appellees and defendants below, Kenneth and Roberta Flanagan, pursuant to a legal action filed by the appellants and plaintiffs below, Weyland and Gianna Logue. The Logues alleged that the Flanagans sold them a tract of land and failed to disclose that the septic system was defective. In this appeal, the Logues contend that genuine issues of material fact exist precluding summary judgment.

This Court has before it the petition for appeal, the entire record, and the briefs of counsel. For the reasons set forth below, the circuit court's final order is reversed, and this case is remanded for further proceedings consistent with this opinion.

## I.

### FACTS

The instant case arises from the execution of a contract by the Logues to purchase a parcel of real estate located in Mineral County from the Flanagans. Before the January 30, 2001 purchase was completed, the Logues reviewed a "Customer Synopsis Report" which indicated that the property included a "good well, septic, well pump & electric pump already set up." The property was located in a rural area not serviced by a public sewer system. The Flanagans had acquired the property in question in May 2000. There had previously been a house on the property, but it was destroyed by a fire in December 1999. After that fire, the Flanagans purchased the property from Janie Ott who had occupied the house. The Flanagans lived almost directly across the road from the property. Upon purchase, the Flanagans cleared and cleaned the property of trash and debris prior to listing it for sale.

After purchasing the property from the Flanagans, the Logues began constructing a house on the land. During construction, the Mineral County Health Department inspected the existing septic system and classified it as an "improper system" because effluent was present in the septic tank and there was no drain field. Consequently, the Logues had to request approval for a new septic system and were required to install a drain field before the new septic system could be approved. According to the Logues, these events caused them to incur additional construction costs and delayed the completion of their new home.

Subsequently, the Logues filed suit against the Flanagans claiming they knew that the septic system was defective prior to sale of the property and that they failed to disclose such defect. Apparently, sometime before they purchased the subject property, the Flanagans had filed a complaint with the Mineral County Health Department stating that wastewater coming from the Ott residence was producing an offensive odor.[1] The Logues maintain that as a result of that complaint, the septic system was inspected by the Mineral County Health Department and the Flanagans learned that effluent and toilet paper were coming out of the septic tank and being discharged into an open drain. The Flanagans deny that they were told that the septic tank was discharging effluent and toilet paper.[2]

Conversely, the Flanagans claimed that they dug up the septic system after they purchased the property and replaced an elbow pipe coming out of the septic tank which they believed was the cause of the odor about which they had complained. The Flanagans maintain that they had no further problems

---

1. The Flanagans maintain that they only complained about an odor coming from the Ott residence and that they made no complaints about wastewater.

2. The Flanagans indicate in their brief that according to the records of the Mineral County Health Department, there was no report made of the investigation of their complaint about an odor coming from the Ott residence.

with the odor after making that repair. However, sometime thereafter, the Flanagans hired Wagoner Septic Service to remedy any existing problems with the drain line of the septic system.

On April 4, 2002, the Flanagans filed a motion for summary judgment. The Flanagans argued that they were entitled to summary judgment because the purchase agreement contained a clause stating that the property was being purchased "as is" and without any express or implied warranties. The Flanagans also noted that the purchase agreement provided that the Logues were entitled to have the property inspected. A hearing was held on April 15, 2002. Thereafter, the circuit court granted summary judgment in favor of the Flanagans. This appeal followed.

## II.

### STANDARD OF REVIEW

 As noted above, the Logues appeal an order granting summary judgment to the Flanagans. In Syllabus Point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), this Court held that: "A circuit court's entry of summary judgment is reviewed *de novo*." This Court has also held that, "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). In Syllabus Point 2 of *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995), this Court explained that,

> Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

With these principles in mind, we now consider the parties' arguments.

## III.

### DISCUSSION

The Logues contend the circuit court erred by granting summary judgment in favor of the Flanagans. The Logues claim that there is evidence showing that the Flanagans knew about the defective septic system and conveyed the property without disclosing this knowledge. The Logues state that the circuit court erred in its reliance on the doctrine of *caveat emptor*. In that regard, the Logues argue that the fact that the property was purchased "as is" and without any warranties does not bar their cause of action. They point out that in *Thacker v. Tyree*, 171 W.Va. 110, 111, 297 S.E.2d 885, 886 (1982), this Court observed that, "The doctrine of *caveat emptor* was never an absolute bar to a lawsuit between a vendor and a purchaser of real property in this jurisdiction." Thus, in the Syllabus of *Thacker*, this Court held that:

> Where a vendor is aware of defects or conditions which substantially affect the value or habitability of the property and the existence of which are unknown to the purchaser and would not be disclosed by a reasonably diligent inspection, then the vendor has a duty to disclose the same to the purchaser. His failure to disclose will give rise to a cause of action in favor of the purchaser.

Based upon *Thacker*, the Logues argue that the Flanagans should not have been granted summary judgment. The Logues maintain that they presented genuine issues of material fact with regard to the Flanagans' knowledge about the septic system, and therefore, summary judgment was improper.

In response, the Flanagans contend that *Thacker* is distinguishable from the case at bar, and thus, not applicable. *Thacker* involved the conveyance of a home rather than merely unimproved land. Furthermore, the vendor in *Thacker* had constructed the home himself and resided there until it was sold. In fact, there was evidence that Mr. Thacker had constructed at least three homes in which he had resided before selling them. Given these facts, the Flanagans argue that Mr. Thacker would have been acutely aware of any problems or defective conditions. To

the contrary, the Flanagans attest that they did not live on the land that was purchased by the Logues and that they did not have a special knowledge of septic systems.

The Flanagans argue that this case is more related to *Teter v. Old Colony Co.*, 190 W.Va. 711, 441 S.E.2d 728 (1994). Although *Teter* concerned the duties of a real estate broker, the Flanagans state that the case differentiated between the obligations owed by persons untrained in home and property inspection from those who are professionals in the field. As untrained professionals, the Flanagans contend that they were entitled to rely upon the opinion rendered by Wagoner Septic Service, which pumped the septic tank empty and indicated that the drain field was adequate.

The Flanagans further assert that the Logues were required to offer proof that knowledge of the septic system's defect would have kept them from purchasing the property. The Flanagans point out that in *Teter* this Court said that "inherent in any suit for damages unknown to the buyer is the claim that the buyer would not have made the purchase if he had been aware of the defect." In conclusion, the Flanagans argue that absent fraudulent concealment and misrepresentation, the purchase contract governs the transaction. Thus, the Flanagans assert that the contract language stating the property was "sold as is" is determinative in this case, and therefore, the circuit court's order should be affirmed.

After carefully examining the record, we agree with the Logues that our holding in *Thacker* applies. In *Thacker*, the purchasers of a home claimed that various problems developed after they moved in which ultimately resulted in cracked walls and foundation problems. The purchasers filed a complaint charging the vendor with fraudulent concealment of a latent defect of which the vendor had knowledge. The vendor filed a motion for a summary judgment pointing out that the purchasers had never asked even a general question as to the quality of the house and that no representations were made by them in this regard. We concluded in *Thacker* that summary judgment was not appropriate

where a vendor is aware of defects or conditions which substantially affect the value or habitability of the property and the existence of which are unknown to the purchaser and would not be disclosed by a reasonably diligent inspection, then the vendor has a duty to disclose the same to the purchaser.

171 W.Va. at 113, 297 S.E.2d at 888.

Moreover, in Syllabus Point 4 of *Stemple v. Dobson*, 184 W.Va. 317, 400 S.E.2d 561 (1990), we stated:

The existence of an "as is" clause in a contract of sale for real estate will not relieve the vendor of his obligation to disclose a condition which substantially affects the value or habitability of the property and which condition is known to the vendor, but not to the purchaser, and would not be disclosed by a reasonable and diligent inspection. Such failure to disclose constitutes fraud.

In *Dobson*, the purchasers asserted that the vendor concealed the extent of termite damage to their new home. Conversely, the vendor asserted that the "as is" clause in the contract of sale precluded the plaintiffs from pursuing their claims. While the circuit court granted summary judgment, we disagreed and held that the "as is" clause in the contract of sale did not relieve the vendor of the obligation to disclose the extent of the termite damage. Thus, we held, that the purchasers question of fraud was appropriate for the jury.

The Flanagans' reliance on *Teter* is misplaced. In *Teter*, the purchasers of residential property brought an action against a real estate broker and civil engineering firm alleging a breach of duty in failing to discover and disclose the defective condition of a retaining wall on the property. The purchasers did not assert that there was a material misrepresentation made on the part of the broker. Further, the purchasers did not assert that the broker concealed a significant latent defect in the property of which the broker was aware or reasonably should have been aware. Instead, the purchasers argued that the broker had a superior knowledge and therefore, had a duty to investigate and

discover whether the retaining wall was defective. We declined to hold that a broker has an independent duty to inspect and uncover latent defects on residential premises.

 In the case in point, the Logues purchased a parcel of land from the Flanagans with the intent of building a home. The Flanagans arguably knew of the true conditions of the septic system at the site and did not disclose this information to the Logues. In fact, the "Consumer Synopsis Report" touted a "good well, septic, well pump & electric pump already set up." A jury could reasonably conclude that the representations made by the Flanagans contributed in part to the formation of the conclusion by the Logues that there were no problems with the septic system. A jury could also reasonably conclude that the Flanagans concealed facts regarding the conditions of the site from the Logues, facts that the Flanagans had a duty to disclose.

In Syllabus Point 3 of *Painter*, we stated: "The circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." 192 W.Va. at 190, 451 S.E.2d at 756. Likewise, this Court is not called upon at this procedural stage to decide the outcome of this case; we are simply to determine whether summary judgment was appropriate. We find that it was not, and we remand this matter to the lower court for further proceedings.

## IV.

## CONCLUSION

Accordingly, for the reasons set forth above, the April 26, 2002, final order of the Circuit Court of Mineral County is reversed, and the case is remanded for further proceedings.

Reversed and Remanded.