394 S.E.2d 771

**Patricia BREWER and David Brewer,**

v.

**Fred VANKIRK, Acting Commissioner, West Virginia Department of Highways.**

No. 19374.

Supreme Court of Appeals of West Virginia.

June 26, 1990.

John McFerrin, Charleston, for Patricia Brewer and David Brewer.

Jeff Miller, West Virginia Dept. of Highways, Legal Div., Charleston, for Fred VanKirk.

PER CURIAM:

Patricia and David Brewer appeal from a summary judgment granted in favor of Fred VanKirk, Acting Commissioner West Virginia Department of Highways, that found the road crossing the Brewers' property to be a thirty foot wide public road. On appeal the Brewers contend that summary judgment should not have been granted because there is a genuine issue of fact concerning the location of the public road. Because conflicting evidence creates a genuine issue of fact, we hold that summary judgment should not have been granted.

The Brewers erected a fence along the edge of a fifteen foot wide dirt road that crosses their Nicholas County property. The Department of Highways issued a notice to the Brewers demanding the removal of the "fence on the right of way" of County Route 19/22, a thirty foot public road. The Brewers sought a declaratory

judgment that the road, where it crosses their property, is a private road.

The road in question is part of a "Y" shaped two road area that leads off W. Va. Route 39 (formerly U.S. Route 19). The base of the "Y" is about three-tenths of a mile and goes from Route 39 to a fork in the road. The right fork, known as Route 19/22, is paved for about three-tenths of a mile. The Brewers' property is located beyond the paved section on the dirt road section of the upper right fork. The left fork is Route 19/23. The Brewers contend that Route 19/22 begins at Route 39 and continues for five-tenths of a mile, thereby including the "Y's" base and part of the right fork, but stopping before the Brewers' property. The Department of Highways maintains the Route 19/23 begins at Route 39 and Route 19/22 begins at the fork and includes only the right fork of the road. If the Brewers are correct concerning where 19/22 begins, then the road that crosses their property is not a thirty foot wide public road and its use must be determined by the law of prescriptive easements. If the Department of Highways is correct, then 19/22 is a thirty foot wide public road when it crosses the Brewers' property.

In order to prove that the road is a public road, the Department of Highways presented records of the Nicholas County Court (currently known as the County Commission), and records of the 1933 transfer of county roads to the state system. The records of the Nicholas County Court contain three pertinent notations. On September 19, 1894, the Nicholas County Court appointed two viewers to lay out a road described as beginning:

from the Weston & Gauley Bridge Turnpike at the mouth of Line Creek thence up said creek to the forks of same thence up the right-hand fork or Morrises' fork and across the hill to the Sugar branch a tributary of Twenty mile creek thence down said creek to the Twenty Mile Road.

Because no report was recorded, on December 10, 1895, three new viewers were appointed to set up:

[a] road commencing at the forks of said creek and running up right hand fork of sd. Line crk., about 2 miles, to the hd. of sd. crk.

On March 16, 1896, based on the viewers' report, Nicholas County Court established a public road:

leading up the right hand fork of Line Creek past S.J. Groves up the right hand fork of Line Creek, to the head of said creek.[1]

The Department of Highways submitted the following records from the 1933 transfer of county roads to the state system: (1) a copy of the "Scroll", an inventory of public roads existing in 1933, (2) 1936 reports and maps for Routes 19/22 and 19/23 and (3) a 1937 highway map. The Scroll indicates that Route 19/22 is five-tenths of a mile long and Route 19/23, 2.6 miles long. The 1936 reports and maps of routes 19/22 and 19/23 indicate that Route 19/23 begins at U.S. Route 19 (currently W. Va. Route 39) and roughly follows Line Creek for about 2.6 miles. The 1936 report and map for 19/22 indicate that Route 19/22 begins just north of the fork of Line Creek along Route 19/23 and roughly follows the right fork of Line Creek for five-tenths of a mile. The 1937 highway map also indicates that Route 19/23 begins at U.S. Route 19 (currently W. Va. Route 39) with Route 19/22 branching off from Route 19/23 about three-tenths of a mile later.

However, the Brewers submitted evidence from the Department of Highways indicating that Route 19/22 begins at W. Va. Route 39. According to the Department of Highways's "straight-line" diagrams for Route 19/22, dated 1950, 1965, 1972 and 1986, Route 19/22 begins at

1. The map indicates that Line Creek roughly follows the same "Y" pattern as the roads with the confluence of the creek located to the immediate southwest of the road junction. The creeks, Line Creek to the West and Right Fork to the East, run south of the roads for about five-tenths of a mile until both roads cross both creeks.

Route 39, proceeds for twenty-two hundreds of a mile to an intersection where Route 19/23 begins and then continues in an northeasterly direction for about thirty-three hundredths of a mile. The straight-line diagrams of the same dates for Route 19/23 indicate that Route 19/23 begins at an intersection on Route 19/22 and continues in a northwesterly direction for 2.12 miles.

The Brewers indicate that although the road beginning at Route 39 is paved, the paving continues for only three-tenths of a mile past the intersection with 19/23 and the rest of the road is dirt. The Brewers argue that the paving indicates that the Department of Highways considers Route 19/22, with an acknowledged length of five-tenths of a mile, to begin at Route 39.

The Brewers also argue that the Department of Highways has not preformed any maintenance on the dirt road section and that the records submitted by the Department fail to prove that any maintenance was performed to the dirt road.[2]

On appeal the issue is whether the circuit court erred in holding there was no genuine issue of material fact to be tried and no inquiry concerning the facts was desirable to clarify the application of law. We note that both parties refer to the Department of Highways' records to justify their positions. At the very least the Department of Highways' records raise a factual question concerning the location of Route 19/22.

■ In *Aetna Casualty and Surety Co. v. Federal Insurance Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963), our landmark case on summary judgment, we stated in syllabus point 3:

> A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.

Syllabus Point 1, *Dawson v. Woodson*, 180 W.Va. 307, 376 S.E.2d 321 (1988).

In *Blamble v. Harsh*, 163 W.Va. 733, 260 S.E.2d 273 (1979), we held that when the documentary evidence concerning the public nature of a road is conflicting (in *Blamble*, the Scroll indicated the road was public but the 1934 highway map omitted the road), the issue was a factual question and should be resolved by the jury.

Traditionally we have viewed summary judgment with reservations and have reviewed the facts of the case in the light most favorable to the party against whom judgment was rendered. Syllabus Point 1, *Jividen v. Legg*, 161 W.Va. 769, 245 S.E.2d 835 (1978); *Eagle Manufacturing Co. v. Ashland Oil, Inc.*, 180 W.Va. 53, 375 S.E.2d 417 (1988); *Lowery v. Raptis*, 174 W.Va. 736, 329 S.E.2d 102 (1985); *Board of Education of Ohio County v. Van Buren and Firestone, Architects*, 165 W.Va. 140, 267 S.E.2d 440 (1980).

■ Given the ambiguity of the description of the public road established in 1896 by the Nicholas County Court and the conflicting records from the Department of Highways, we find that the circuit court erred in granting summary judgment. Further development of the facts should have been allowed to clarify the location of Route 19/22.

The judgment of the Circuit Court of Kanawha County is, therefore, reversed, and the case is remanded for further development consistent with this opinion.

Reversed and Remanded.

---

**2.** According to Department of Highways' diary entries for Route 19/22, some dirt was put in a culvert on June 8, 1982 and the road was graded on September 21, 1982.