416 S.E.2d 728

Lyle CECIL and Rosemary Cecil,
Plaintiffs Below, Appellants,

v.

AIRCO, INC.; Arnold Martin, Inc.; Virginia Welding Supply Company, a West Virginia Corporation; Air Products and Chemical Corporation, a Delaware Corporation, Defendants Below,

and

Air Products and Chemical Corporation, a Delaware Corporation, Defendant Below, Appellee.

No. 20274.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 28, 1992.

Decided April 20, 1992.

Henry E. Wood III, Mitchell & Wood, Charleston, for appellants.

Robert A. Goldberg, King, Betts & Allen, Charleston, for appellee.

## PER CURIAM:

This is an appeal by Lyle and Rosemary Cecil from a July 16, 1990, order of the Circuit Court of Kanawha County which granted summary judgment in favor of appellee Air Products and Chemical Corporation (hereinafter "Air Products") and dismissed the appellants' action against Air Products. The appellants contend that they properly and timely included Air Products as a defendant in their civil action and are entitled to proceed against Air Products. We disagree and affirm the decision of the Circuit Court of Kanawha County.

### I.

Appellant Lyle Cecil was injured on June 25, 1986, while performing construction work for general contractor Arnold Martin, Inc. The appellant suffered extensive burn injuries when a cutting torch exploded. The cutting torch was owned by Arnold Martin, Inc. and was comprised of components manufactured by various companies. It was ultimately determined that the oxygen and acetylene cylinders were supplied by Virginia Welding Supply Company (hereinafter "Virginia Welding"), the acetylene regulator was manufactured by Airco, Inc., and the oxygen regulator was manufactured by Air Products.

Upon filing the first complaint on June 10, 1988, however, only Arnold Martin, Inc., Virginia Welding, and Airco were named as defendants. It was mistakenly believed at that time that Airco manufactured the oxygen regulator which was actually manufactured by Air Products. The amended complaint naming Air Products was not filed until August 26, 1988, two months after the running of the two-year statute of limitations. The appellants contend that they were initially unable to identify Air Products as the actual manufacturer of the oxygen regulator and that they named Air Products as a defendant in an amended complaint immediately after discovering its identity as the manufacturer. The appellants explained that after the June 25, 1986, accident, J.D. Hathaway, an investigator from their attorneys' office, inspected and took photographs of the cutting equipment on October 14, 1986. The name "Air Products" was marked on the oxygen regulator. The appellants contend, however, that Arnold Martin, Inc.'s insurer delayed their attempts to have the equipment examined by an expert by insisting that such inspection be completed only through formal discovery in the litigation process. The appellee, however, contends that no restrictions were placed upon anyone wishing to examine the equipment or to obtain information concerning the manufacturers of its components.

On the day following the accident, two employees of Virginia Welding inspected the equipment and identified Air Products as the manufacturer of the oxygen regulator. In a June 26, 1986, written accident report by Virginia Welding branch manager Jim Colvin, Air Products was identified as the manufacturer of the oxygen regulator single stage model 1194, Serial Number 75554.[1]

The appellants filed their amended complaint on August 26, 1988. Air Products thereafter filed a motion to dismiss based upon the expiration of the statute of limitations. The Circuit Court of Kanawha County found that "the uncontroverted evidence establishes that the name 'Air Prod-

---

1. Although our review of the record does not clearly indicate that the appellants actually received a copy of the Jim Colvin document, the appellee states in its March 13, 1989, Renewed Motion to Dismiss that the Jim Colvin document was "produced informally to all parties during discovery...."

ucts' was clearly visible on the equipment" and that "the components were always available to plaintiff for reasonable inspection." The lower court concluded that "through reasonable diligence, plaintiff could have ascertained the manufacturer of the regulator." The lower court therefore granted summary judgment in favor of the appellee and dismissed it from the civil action.

## II.

As we explained in syllabus point 1 of *Hickman v. Grover*, 178 W.Va. 249, 358 S.E.2d 810 (1987), "[i]n products liability cases, the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence should know, (1) that he has been injured, (2) the identity of the maker of the product, and (3) that the product has a causal relation to his injury."

On the date of his injury, the appellant knew that he had been injured and that his injuries had been caused by the cutting equipment. Furthermore, Air Products' name was clearly visible on the oxygen regulator. The appellants' inspector examined and photographed the product on October 14, 1986, and investigators for Virginia Welding identified Air Products as the manufacturer by simple visual inspection on the day following the accident. Although it is unclear from the record whether the appellants actually reviewed a copy of the report by investigators for Virginia Welding, an inspector from the appellants' own attorney's office inspected the equipment with the name "Air Products" marked on it.

In *Hickman,* we recognized the potential "miscarriage of justice" which may result when an injured plaintiff has no opportunity to discover all the elements of his cause of action prior to the running of the statute of limitations. 178 W.Va. at 252, 358 S.E.2d at 813. Such situation may frequently arise in cases of latent or progressive injuries or injuries subsequent to extended periods of exposure to chemicals, drugs, or asbestos. *Id.* In such a case, the plaintiff has no means of connecting

the product to the injury. In the present case, however, the appellants had at their disposal reasonable means of discovering the proper identity of the manufacturer of the oxygen regulator. The appellants failed to do so in a timely manner as prescribed by the two-year statute of limitations. As we noted in *Hickman,* the plaintiff will almost always know that he was injured and what caused him injury in traumatic injury cases. *Id.* In those situations, we explained, the statute of limitations will almost always begin to run from the time of the injury. *Id.;* *see also Jones v. Trustees of Bethany College,* 177 W.Va. 168, 351 S.E.2d 183 (1986). In the present case, since the words "Air Products" were clearly marked on the product itself, the appellants, through the exercise of reasonable diligence, could have discovered the identity of the manufacturer.

Under the factual circumstances existing in this case, we cannot justify granting relief to the appellants. Pursuant to the formula fairly enunciated in *Hickman,* the appellee is entitled to application of the two-year statute of limitations. We do not believe that the lower court erred by failing to impanel a special jury to resolve the issue of when, by the exercise of reasonable diligence, the appellant should have known the identity of Air Products as the manufacturer of the oxygen regulator.

The appellants contend that a genuine issue of material fact existed concerning the identity of the manufacturer of the oxygen regulation. Summary judgment would have been improper if a genuine issue of material fact had existed as to when the appellants, by the exercise of reasonable diligence, should have known the identity of the manufacturer. As we explained in syllabus point 3 of *Stemple v. Dobson,* 184 W.Va. 317, 400 S.E.2d 561 (1990),

> [W]here a cause of action is based on tort or on a claim of fraud, the statute of limitations does not begin to run until the injured person knows, or by the exercise of reasonable diligence should know, of the nature of his injury, and determining

that point in time is a question of fact to be answered by the jury.

 However, in our review of the present case, we find no clear error in the lower court's determination that there was no genuine issue of material fact to be resolved by a jury. The issue of when a plaintiff, by the exercise of reasonable diligence, should know the identity of the manufacturer would indeed be a jury question if a genuine issue of material fact had been presented. As we explained in *Stemple*, "[b]ecause there is a material question of fact with regard to when the plaintiffs' right of action accrued so as to commence the running of the statute of limitations, the matter was clearly a question for the jury." 184 W.Va. at 322, 400 S.E.2d at 566. Absent that material question of fact, however, the issue is appropriately resolved through the summary judgment mechanism, as was accomplished in the present case. Even viewing the evidence in a light most favorable to the party against whom the judgment was rendered, we believe that summary judgment was justified.

"'A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syl. pt. 3, *Aetna Casualty & Sur. Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Dawson v. Woodson*, [180] W.Va. [307], 376 S.E.2d 321 (1988).

Syllabus, *Brewer v. VanKirk*, 183 W.Va. 172, 394 S.E.2d 771 (1990).

Based upon our review of this matter, we believe that that standard was satisfied, and we find no error by the Circuit Court of Kanawha County.

Affirmed.