**FILED**
**October 17, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Phillip R. Collins and Latonya Collins,**
**Plaintiffs Below, Petitioners**

**vs.) No. 21-0621** (Wayne County CC-50-2019-C-132)

**Mine Safety Appliances Co., et al.,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Phillip R. Collins and his wife, Latonya Collins, appeal the Circuit Court of Wayne County's July 13, 2021, order granting Respondent Mine Safety Appliance Company's (Mr. Collins's former employer) motion for summary judgment and dismissing petitioners' action with prejudice.[1] For the reasons set forth herein, we affirm the circuit court's order.

Petitioners filed a civil action on September 24, 2019, in the Circuit Court of Wayne County for damages related to Mr. Collins's May 23, 2017, diagnosis of black lung disease. Following discovery, respondent filed a motion for summary judgment on April 2, 2021, and the circuit court heard oral argument on the motion on May 18, 2021.[2] The circuit court granted respondent's motion upon finding that Mr. Collins knew or should have known of the alleged causal relationship between the respirators he wore and his development of black lung at the time of his diagnosis and his claims, therefore, were barred by the two-year statute of limitations set forth in West Virginia Code § 55-2-12.[3] The circuit court specifically found that the statute of

---

[1] Petitioners are represented by Guy R. Bucci, Ashley N. Lynch, Johnny Givens, and Michael B. Martin (admitted pro hac vice), and respondent is represented by J.H. Mahaney, Craig Banford, and M. Trent Spurlock (admitted pro hac vice).

[2] Defendants below, Raleigh Mine and Industrial Supply, Inc., and Eastern States Mine Supply Company, joined in respondent's motion and reply below. According to the circuit court's order granting summary judgment, Raleigh Mine and Industrial Supply, Inc., and Eastern States Mine Supply Company were alleged distributors of respondent's respirators so petitioners' claims against them are derivative of the products liability claims against respondent. Petitioners listed these entities as respondents to this action, but they did not appear before this Court in this appeal.

[3] "Every personal action for which no limitation is otherwise prescribed shall be brought: . . . (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; . . . ." W. Va. Code § 55-2-12, in part.

limitations began to run on May 23, 2017, when Mr. Collins knew of his injury, knew the identity of the respirator manufacturer, and knew or should have known the causal connection between respondent's respirators and his injury.[4] Petitioners appeal from the circuit court's July 13, 2021, order granting respondent's summary judgment motion.

While petitioners assert generally that the circuit court did not correctly apply the Rule 56 standard of review, we disagree.[5] This Court has long held that "'[a] circuit court's entry of summary judgment is reviewed *de novo*.' Syllabus Point 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994)." Syl. Pt. 1, *Goldstein v. Peacemaker Properties, LLC*, 241 W. Va. 720, 828 S.E.2d 276 (2019). Further,

> "[t]he question to be decided on a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined." Syl. pt. 5, *id.*

>> Roughly stated, a "genuine issue" for purposes of West Virginia Rule of Civil Procedure 56(c) is simply one half of a trialworthy issue, and a genuine issue does not arise unless there is sufficient evidence favoring the non-moving party for a reasonable jury to return a verdict for that party. The opposing half of a trialworthy issue is present where the non-moving party can point to one or more disputed "material" facts. A material fact is one that has the capacity to sway the outcome of the litigation under the applicable law.

> Syl. pt. 5, *Jividen v. Law*, 194 W.Va. 705, 461 S.E.2d 451 (1995). Therefore, "[i]f there is no genuine issue as to any material fact summary judgment should be granted but such judgment must be denied if there is a genuine issue as to a material fact." Syl. pt. 4, *Aetna*, 148 W.Va. 160, 133 S.E.2d 770.

*Sugar Rock, Inc. v. Washburn*, 237 W. Va. 347, 354, 787 S.E.2d 618, 625 (2016). Following a plenary review of the parties' arguments and undisputed facts, it is clear that no genuine issue of material fact exists that would preclude the entry of summary judgment in respondent's favor. Specifically, it is undisputed that Mr. Collins knew from the outset of his mining career that coal

---

[4] Because Ms. Collins's claims are derivative of Mr. Collins's claims against all defendants, the circuit court found that her claims are subject to the analysis and findings regarding the statute of limitations. Petitioners do not assign error to that finding; therefore, we need not address that finding.

[5] Rule 56(a) of the West Virginia Rules of Civil Procedure provides:

A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 30 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

mine dust could cause black lung, the specific respirator he contends he used throughout his career, and the date of his black lung diagnosis. Under the facts of this case, it is clear that Mr. Collins's diagnosis triggered his duty to investigate the cause of his injury, but he failed to timely file his action against respondent. Thus, there is not sufficient evidence favoring petitioners for a reasonable jury to return a verdict for them, and there is no merit to petitioners' first assignment of error.

In their second assignment of error, petitioners argue that the circuit court failed to apply the "discovery rule" to toll the statute of limitations. This Court has explained:

> "In tort actions, unless there is a clear statutory prohibition to its application, under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury." Syllabus Point 4, *Gaither v. City Hosp., Inc.*, 199 W.Va. 706, 487 S.E.2d 901 (1997).

Syl. Pt. 3, *Dunn v. Rockwell*, 225 W.Va. 43, 689 S.E.2d 255 (2009). Further,

> whether a plaintiff "knows of" or "discovered" a cause of action is an objective test. The plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action. This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action.

*Id.*, Syl. Pt. 4, in part.

On appeal, petitioners argue that the circuit court's order does not include a finding as to what a reasonably prudent person would do in Mr. Collins's position. Respondent asserts, and we agree, that *Hickman v. Grover*, 178 W. Va. 249, 253, 358 S.E.2d 810, 814 (1987), clarifies that the knowledge that a product was defectively manufactured "is often not known with a legal certainty until after the jury returns for its verdict[,]" and requiring specific knowledge of a defective product would create "a situation where the statute of limitations would almost never accrue until after the suit was filed," essentially "abrogat[ing] the statute of limitations in products liability claims." Thus, plaintiffs who are injured by a product, with reasonable means of identifying the manufacturer of the product, are on notice of potential claims as long as they have "at their disposal reasonable means of discovering the proper identity of the manufacturer of the [defective product]." *Cecil v. Airco, Inc.*, 187 W. Va. 190, 192, 416 S.E.2d 728, 730 (1992).

While it appears that the circuit court's order does not include a finding as to what a reasonably prudent person in Mr. Collins's position would have done, it did find, based upon the evidence before it, that Mr. Collins knew or should have known of the causal connection between the respirator and his injury. The circuit court also determined that there was no genuine issue of material fact. It is undisputed that Mr. Collins knew the name and make of the respirator he contends he wore continuously throughout his employment before the time of his diagnosis. There

is also no question that he was diagnosed with black lung on May 23, 2017, but did not file his complaint until September 24, 2019, well after the two-year statute of limitations had expired. We, therefore, find that the circuit court did not err in granting summary judgment to respondent.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn

**DISSENTING:**

Justice William R. Wooton

Wooton, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set the case for oral argument on the Rule 19 docket to thoroughly address the controlling issue of whether the circuit court erred in rejecting petitioner Phillip Collins' argument that the discovery rule applied in regard to the applicable two year statute of limitations. *See* W. Va. Code § 55-2-12. The circuit court rejected petitioner's argument despite the presence of factual issues that in all likelihood should have been decided by a jury. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.

4