BILLY R. HOSKINS, *et al.*

*v.*

C&P TELEPHONE CO. OF W. VA., *et al.*

(No. 14606)

Decided February 25, 1982.

*Alfred B. McCuskey, II*, for appellants.

*Spilman, Thomas, Battle & Klostermeyer and Larry A. Winter* for appellees.

PER CURIAM:

This is an appeal by Billy R. and Betty Jo Hoskins from a summary judgment granted against them in the Circuit Court of Kanawha County. The appellants contend that at the time of the entry of summary judgment, a genuine

issue of material fact existed and that, therefore, the entry of summary judgment was improper. We agree.

On May 26, 1977, Mr. and Mrs. Hoskins filed suit against the Chesapeake and Potomac Telephone Company, Roy Henthorne, Jr. and Dana Burgess seeking damages arising from the alleged illegal monitoring of their private telephone. C&P was named in the complaint as Mr. Henthorne's employer and not as a joint tortfeasor.

On June 27, 1977, Mr. Burgess filed a motion to dismiss, or in the alternative, a motion for summary judgment. Attached to the motion were affidavits of him and his wife. On August 4, 1977, the plaintiffs filed a motion to dismiss the motion filed by defendant Burgess and submitted counter affidavits to those filed by Mr. Burgess.

On August 2, 1978, C&P made a motion for summary judgment supported by affidavits from seven of its employees asserting that the record disclosed no genuine issue of any material fact. Specifically, the motion asserted that: (1) C&P was not guilty of any unlawful, negligent or careless acts that resulted in invasion of privacy or disregard of the plaintiffs' rights; (2) even if defendant Henthorne was guilty of the alleged wiretapping, he was not acting within the scope of his employment, as a matter of law C&P was not liable for those acts; (3) C&P neither authorized or ratified any acts committed by defendant Henthorne; (4) C&P conducted an investigation of the wiretapping complaints made by plaintiffs and the result of the investigation was the finding of no evidence suggesting that C&P's telephone service had been wiretapped at any time using any property or equipment owned by the company; and (5) the plaintiffs' cause of action against C&P was based upon conjecture, surmise and unfounded conclusions and not upon any legally admissible evidence.

A hearing on the summary judgment motion was subsequently conducted. By order entered November 3, 1978, the circuit court granted C&P's motion on the ground that, as between the plaintiffs and defendant

C&P, there existed no genuine issue of material fact. The plaintiffs appeal from that final order.

We begin with two basic principles set forth in our landmark case of *Aetna Casualty and Surety Co. v. Federal Insurance Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963). In Syllabus Point 3, we stated:

> "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law."

*Gavitt v. Swiger*, 162 W.Va. 238, 248 S.E.2d 849 (1978); *Consolidated Gas Supply Corp. v. Riley*, 161 W.Va. 782, 247 S.E.2d 712 (1978); *Cassella v. Weirton Construction Co.*, 161 W.Va. 317, 241 S.E.2d 924 (1978); *State ex rel. County Commission of Jackson County v. McCoy*, 160 W.Va. 540, 236 S.E.2d 217 (1977).

And in Syllabus Point 6 of *Aetna*, we held:

> "A party who moves for summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment."

An examination of the record in this case reveals the existence of a genuine issue of fact as to whether the appellee was aware of the alleged wiretapping of defendants Henthorne and Burgess. The appellee asserts that the plaintiffs' affidavits are insufficient to create an issue of fact under Rule 56(e) of the West Virginia Rules of Civil Procedure in that they aver inadmissible evidence as facts. Rule 56 *W.Va.R.C.P.* deals with summary judgment. Paragraph (e) of the rule states:

> "(e) *Form of affidavits; further testimony; defense required.*—Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters

stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

We agree in part with the appellee's contention that many of the allegations contained in the appellants' affidavits would be inadmissible in court and, therefore, cannot be used to respond to a motion for summary judgment. However, our conclusion that there is a genuine issue of fact as to whether the appellee knew of Henthorne's alleged activities and whether he acted within the scope of his employment is based upon a specific fact that would be admissible in evidence.

The record indicates that Robert C. Lewis, security representative for the appellee, signed an affidavit in which he stated that he had personally conducted an investigation into the plaintiffs' wiretapping complaints and that he found no evidence to support wiretapping as a result of the utilization of C&P equipment. Contrary to this statement, Penny Melton (daughter of the plaintiffs) and Billy Hoskins filed affidavits. Mrs. Melton stated: "In the presence of my father, Billy R. Hoskins, I was informed by Mr. Lewis of the Telephone Company that someone was listening in on my parents phone. I cannot agree in any way with Mr. Lewis' Affidavit which was presented to the court as this was not what he told my father and I while he was at my father's home. In fact, Mr. Lewis makes no mention at all of my presence in the home and his statement to us."

Mr. Hoskins' affidavit stated in part: "In the presence of my daughter ... [in] my home I was informed by Mr. Lewis that someone was definitely cutting in on my phone. Mr. Lewis then left my home and I heard no more from him."

From these affidavits it is clear that a genuine issue of fact does exist between the plaintiffs and C&P. There is ample authority in this State for holding that under the proper circumstances, C&P could be liable for the alleged activities of their employee, Roy Henthorne, Jr. Whether those circumstances are present in this case is a question that requires opportunity for further development and the court erred in granting judgment for C&P as a matter of law.

Accordingly, the judgment of the Circuit Court of Kanawha County is reversed and the case is remanded for further proceedings.

*Reversed and remanded.*