# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Marvin L. Clark,**
**Plaintiff Below, Petitioner**

**FILED**

**January 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 17-0213** (Monongalia County 16-C-182)

**Sheets Auto Electrical, LLC,**
**a West Virginia Limited Liability Company,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Marvin L. Clark ("Mr. Clark"), by counsel Lawrence E. Fraley III, appeals the order of the Circuit Court of Monongalia County, entered on February 2, 2017, granting respondent's motion for summary judgment. Respondent Sheets Auto Electrical, LLC ("Sheets") appears by counsel Brian J. Warner and Stacie D. Honaker.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Clark filed a complaint on March 28, 2016, seeking damages for injuries he claims to have sustained on March 27, 2014, when he slipped on ice on respondent's parking lot while carrying a motor for repair. Petitioner alleges that he hit his head and lost consciousness, and that the motor landed on his chest. In its answer, Sheets asserted that Mr. Clark's claims were barred by the statute of limitations.

Sheets served discovery on Mr. Clark in April of 2016, including the following request for admission, to which Mr. Clark did not respond until after Sheets filed its motion for summary judgment in September of 2016: "Admit that you delivered the tractor starter motor to [Sheets] on March 13, 2014." Mr. Clark denied the request and maintained instead that he delivered the motor and was injured on March 27, 2014. In its summary judgment motion, Sheets argued, in part based on Mr. Clark's failure to timely respond to the request for admission, that petitioner's claim was time-barred. Sheets supported its motion with the affidavit of its employee, Michael Berzito, who reviewed Sheets' business logs and affirmed that Sheets received the motor from Mr. Clark on March 13, 2014. Sheets attached copies of the logs that Mr. Berzito reviewed, a copy of the dated identification tag that it placed on the motor when Mr. Clark delivered it to Sheets, and weather information from the National Oceanic and Atmospheric Administration ("NOAA") showing that conditions were icy on March 13, 2014 (the date that Sheets asserts that

1

Mr. Clark visited its premises), but that the area temperature reached 55 degrees Fahrenheit on March 27, 2014 (the date that Mr. Clark asserts that he was injured).

Mr. Clark opposed Sheets' summary judgment motion, and his supporting evidence included an affidavit from his coworker, David Belesky, stating that Mr. Clark delivered a motor to Sheets "late in March of 2014," but not specifying a date; insurance forms showing the date of onset of injury as March 28, 2014; an incident report that Mr. Clark completed for his employer, indicating the date of injury was March 27, 2014; and his own affidavit stating that he delivered the motor after 2 p.m. on March 27, 2014. In his affidavit, Mr. Clark asserted that he did not become aware of the cause of his fall until he returned to the Sheets premises on April 2, 2014, and noticed a deep impression in the parking lot that had filled with water. Mr. Clark argued alternatively that he filed his claim within two years of his injury, or that he should be afforded the benefit of the discovery rule because he did not earlier know the cause of injury.

The circuit court declined to apply the discovery rule and granted Sheets' motion for summary judgment by order entered on February 3, 2017. It wrote that petitioner "was aware that he fell and aware of the fact that he was injured as a result of the fall." The court explained that Mr. Clark did not produce "any independent, objective evidence" to support his contention that he was injured on March 27, 2014, rather than March 13, 2014, and Sheets' evidence, in contrast, documented a date certain of March 13, 2014. The court found that the date of injury was March 13, 2014, and the claim was time-barred. The circuit court's order granting summary judgment was entered prior to the discovery deadline that the circuit court set forth in its scheduling order.

On appeal, Mr. Clark asserts three assignments of error. First, he argues that there remain genuine issues of material fact regarding application of the discovery rule. Second, he argues that the circuit court erred in granting summary judgment prior to the close of discovery. Third, he argues that there was material evidence that his accident occurred "during the last week" of March. We review the circuit court's grant of summary judgment de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 190, 451 S.E.2d 755, 756 (1994).

We begin with Mr. Clark's second assignment of error, wherein he asserts that the circuit court precipitously granted Sheets' motion for summary judgment. We have explained that "[s]ummary judgment is appropriate only after the non-moving party has enjoyed 'adequate time for discovery.'" *Payne's Hardware & Bldg. Supply, Inc., v. Apple Valley Trading Co. of W.Va.*, 200 W.Va. 685, 690, 490 S.E.2d 772, 777 (1997). (Internal quotations and citations omitted.) According to the circuit court's certified docket sheet, the court entered its scheduling order on June 29, 2016. It ordered the parties to complete discovery by April 3, 2017. Sheets filed its motion for summary judgment on September 12, 2016, and the circuit court ultimately granted the motion by order entered on February 3, 2017, two months prior to the discovery deadline. At the summary judgment motion hearing conducted on November 21, 2016, nearly eight months after the filing of the complaint and five months after the court entered its scheduling order, the circuit court asked Mr. Clark's counsel what evidence remained undeveloped. In response, counsel informed the circuit court generally that he had not taken or noticed depositions. When the circuit court asked why no depositions were taken, counsel replied only that he would like to depose Mr. Berzito and to "determine the veracity" of the exhibits to Sheets' motion for

summary judgment. Counsel then redirected the court, saying, "But, again, it's our position that the discovery rule certainly should apply . . . ." Counsel did not identify any other evidence he planned to develop. Additionally, it is undisputed that Mr. Clark failed to respond to discovery that Sheets served on him until after Sheets filed its summary judgment motion, and that Mr. Clark had not served his own discovery requests. Indeed, Sheets' motion for summary judgment, filed on September 12, 2016, was accompanied by a notice of hearing informing Mr. Clark that a hearing on the motion was scheduled nearly two and a half months later, in late November. In that two-and-a-half month period, however, Mr. Clark neither attempted to engage in further discovery nor sought formal relief of the circuit court. Under these circumstances, the circuit court did not err. Mr. Clark had adequate time for discovery.

We turn to petitioner's first and third assignments of error, in which he argues that there were genuine issues of material fact, first with respect to application of the discovery rule and, second, with respect to the date of his injury. We disagree on both counts.

This matter is wholly inappropriate for application of our discovery rule, which we have explained as follows:

> "In tort actions, unless there is a clear statutory prohibition to its application, under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury." Syllabus Point 4, *Gaither v. City Hosp., Inc.*, 199 W.Va. 706, 487 S.E.2d 901 (1997).

Syl. Pt. 3, *Dunn v. Rockwell*, 225 W.Va. 43, 46, 689 S.E.2d 255, 258 (2009). Further,

> whether a plaintiff 'knows of' or 'discovered' a cause of action is an objective test. The plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action. This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action.

*Id.*, syl. pt. 4, in part. Without question, Mr. Clark knew at the moment he slipped that he was injured on Sheets' premises, that Sheets had a duty to maintain, and that the condition of the premises likely caused his injury. A reasonably prudent person would have known he was injured upon slipping on the premises of another and hitting his head so forcefully that he lost consciousness, as Mr. Clark said he did. The circuit court did not err.

We are left, then, only with the question of whether there was a genuine issue of material fact about the date of Mr. Clark's injury, as he asserts in his third assignment of error. As the circuit court aptly explained, Sheets produced reliable documentary evidence fixing Mr. Clark's presence on its premises on the earlier March date, as well as persuasive NOAA records showing that area temperatures on the later March date would not have supported the icy conditions that

Mr. Sheets asserts led to his fall. In contrast, Mr. Clark produced the affidavit of Mr. Belesky establishing only a general recollection of the date that Mr. Clark delivered the motor to Sheets, documentation memorializing the dates that Mr. Clark sought treatment or reported an onset of symptoms, and Mr. Clark's own self-serving affidavit.

> [T]o withstand the motion, the nonmoving party must show there will be enough competent evidence available at trial to enable a finding favorable to the nonmoving party. *Hoskins v. C&P Tel. Co. of W.Va.*, 169 W.Va. 397, 400, 287 S.E.2d 513, 515 (1982). . . . For example, "[u]nsupported speculation is not sufficient to defeat a summary judgment motion." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.1987). If the evidence favoring the nonmoving party is "merely colorable . . . or is not significantly probative, . . . summary judgment may be granted." *Anderson* [*v. Liberty Lobby, Inc.*], 477 U.S. [242] at 249-50, 106 S.Ct. [2505] at 2511, 91 L.Ed.2d [202] at 212 [(1986)]. (Citations omitted). "[I]f the factual context renders [the nonmoving party's] claim implausible—if the claim . . . simply makes no economic sense—[the nonmoving party] must come forward with more persuasive evidence to support [the] claim[.]" *Matsushita Elec. Indus. Co.* [*Ltd. v. Zenith Radio Corp.*], 475 U.S. [574] at 587, 106 S.Ct. [1348] at 1356, 89 L.Ed.2d [538] at 552 [(1986)].

*Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 60-61, 459 S.E.2d 329, 337-38 (1995). Mr. Clark's non-specific evidence is insufficient under the standards articulated by this Court. We find no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 19, 2018

**CONCURRED IN BY:**

Chief Allen H. Loughry II
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis

4